UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. BEAUFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DENIS R. MCDONOUGH,<br><br>　　　　　Defendant. | Case No. 23-cv-02619-DMR<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED** |

　　Self-represented Plaintiff Keith W. Beauford filed a complaint and an application to proceed in forma pauperis ("IFP"). [Docket Nos. 1 ("Compl."), 3.][1] Plaintiff asserts a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* against Denis R. McDonough, Acting Secretary of the U.S. Department of Veterans Affairs ("VA").[2] Compl. ¶ 3.

　　Venue in Title VII cases is not set by the general venue statute, 28 U.SC. § 1391, but by the provisions of 42 U.S.C. § 2000e–5(f)(3). *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991). Title VII authorizes suit "'in any judicial district in the State in which the unlawful employment practice is alleged to have been committed' as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e–5(f)(3); *Johnson*, 950 F.2d at 586).

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Under the section "Demand for Relief," Plaintiff makes references to "slander," "defamation," "sex discrimination," and "harassment from the Judge." Compl. at 7. It is not clear whether Plaintiff alleges these claims in addition to his Title VII claim for employment discrimination.

1   Title VII's venue provision "seeks to limit venue to the judicial district concerned with the alleged

2   discrimination." *Jaiyeola v. Rivian*, No. 22-CV-03982-BLF, 2023 WL 2173188, at *4 (N.D. Cal.

3   Feb. 21, 2023) (quoting *Passantino*, 212 F.3d at 504).

4       Here, Plaintiff alleges that he was subject to discrimination while training for employment

5   at the Veterans Service Center at Fort Harrison in Helena, Montana. Compl. ¶ 6. He also states

6   that some of his training – and alleged discrimination – occurred online, while he was working at

7   home. Compl. at 4:8-10. It is not clear where Plaintiff's home is located: while the complaint

8   suggests that the online training occurred in Colorado (Compl. ¶ 7; *id.* at 4:6-7), it also indicates

9   that Plaintiff resides in Reno, Nevada. Compl. at 1. In addition, the complaint does not allege or

10  suggest that the Veterans Service Center or the VA maintain and administer their employment

11  records in the Northern District of California, or that Plaintiff would have worked in this district

12  but for the alleged employment discrimination.

13      Based on the allegations in the complaint, it appears that the proper venue for this case is

14  the District of Montana. The District of Colorado and the District of Nevada are also potentially

15  appropriate venues for Plaintiff's case. Regardless, the action appears to be improperly venued in

16  the Northern District of California.

17      Generally, where a case is filed in the wrong venue, the district court has the discretion

18  either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28

19  U.S.C. § 1406(a). By **October 23, 2023**, Plaintiff is ordered to show cause in writing by

20  explaining why this case is appropriately venued in the Northern District of California and why

21  the court should not recommend that his case be dismissed without prejudice to refiling in the

22  appropriate district. If Plaintiff fails to respond by that date or his response fails to establish that

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

//

venue is proper, the court will prepare a report and recommendation recommending that a district judge dismiss the case or transfer it to a different district.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties. Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: September 25, 2023

_____
DONNA M. RYU
Chief Magistrate Judge