UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. BEAUFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>DENIS R. MCDONOUGH,<br><br>  Defendant. | Case No.  23-cv-02619-EMC<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**<br><br>Docket No. 11 |

Plaintiff Keith W. Beauford, proceeding pro se, has filed suit against Denis R. McDonough, the U.S. Secretary of Veterans Affairs, pursuant to Title VII.  According to Mr. Beauford, he was subjected to, *inter alia*, racial discrimination while he was employed as a Veteran Service Representative at the agency's Fort Harrison Regional Office in Fort Harrison, Montana.  *See* Compl. at 3; *see also* Compl. at 6 (referring to termination of employment).

In September 2023, Judge Ryu issued an order instructing Mr. Beauford to show cause as to why his case should not be transferred to a different district.  *See* Docket No. 9 (order to show cause, or "OSC").  Judge Ryu noted that Title VII has a venue provision that specifies where a suit should be filed.

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 U.S.C. §§ 2000e *et seq.*].  Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has

his principal office. For purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 USCS § 2000e-5(f)(3); *see also id.* § 2000e-16(d) (addressing employment by federal government; stating that "[t]he provisions of section 706(f) through (k) [42 U.S.C. §§ 2000e-5(f)–(k)], as applicable, shall govern civil actions brought hereunder"). She then noted: "Based on the allegations in the complaint, it appears that the proper venue for this case is the District of Montana [where Mr. Beauford had been employed]. The District of Colorado [where a training had occurred] and the District of Nevada [where Mr. Beauford currently resides] are also potentially appropriate venues for Plaintiff's case." Docket No. 9 (OSC at 2). Finally, Judge Ryu stated that, if Mr. Beauford could not show why venue in this District was proper, then she would prepare a report and recommendation ("R&R") recommending that the case be transferred to another district. *See* Docket No. 9 (OSC at 2-3).

Mr. Beauford filed a response to the OSC. In his response, he explained that he had filed in this District because he had been advised to do so by an EEOC representative. He added that he "lived in Helena[,] Montana at the time of the occurrence" and that he "currently live[s] in Reno, Nevada. If the court must be moved from California, I will request it to be moved to Nevada." Docket No. 10 (Resp. at 2).

Judge Ryu then issued a R&R. In the R&R, she stated that "the District of Montana appears to be a proper venue, [but] other districts are also potentially appropriate venues . . . . Accordingly, the court recommends dismissal rather than transfer, so that Plaintiff can pick the appropriate venue if he chooses to refile the case in a different district." Docket No. 11 (R&R at 2). Judge Ryu gave Mr. Beauford an opportunity to file an objection to her R&R. He did not do so.

The Court has reviewed Judge Ryu's R&R and adopts it in part. It agrees with Judge Ryu that this District is not a proper venue for the suit. It also agrees that the District of Montana appears to be a proper venue because that is where "the unlawful employment practice is alleged to have been committed." 42 USCS § 2000e-5(f)(3). However, the Court declines to follow the remedy proposed by Judge Ryu – *i.e.*, to dismiss this suit such that Mr. Beauford may refile it in

2

the district that he chooses. The Court's concern here is that dismissal could result in a statute-of-limitations problem – *i.e.*, a time bar. *See, e.g.*, 42 U.S.C. § 2000e-16(c) (providing, *inter alia*, that a complainant who receives an adverse final decision from an agency may file a civil action within 90 days); Compl. at 3 (alleging that a right-to-sue letter was received on February 28, 2023, and the complaint was filed on May 26, 2023). *See also Stein v. Chemtex Int'l, Inc.*, No. 04-001-SLR, 2004 U.S. Dist. LEXIS 5533, at *9-10 (D. Del. Mar. 31, 2004) (noting that, "[i]f the court were to outright dismiss the instant action, plaintiff may suffer a complete loss of her rights because the statute of limitations has run since plaintiff filed her suit in this district"; "[t]his court previously has recognized that it should transfer, rather than dismiss a case, where 'the statute of limitations has run, and the plaintiffs will be unnecessarily prejudiced in pursuing their claim'"). The Court therefore shall transfer the case to the District of Montana instead of dismissing it. The Court recognizes that Mr. Beauford appears to prefer a venue in Nevada, where he lives. However, he has not provided any information to support venue in Nevada given the parameters of § 2000e-5(f)(3). The Court's transfer here does not preclude Mr. Beauford from raising the issue with the Montana court, should he so wish.

For the foregoing reasons, the Court hereby **ADOPTS** in part Judge Ryu's R&R and **TRANSFERS** the case to the District of Montana. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: November 15, 2023

_____
EDWARD M. CHEN
United States District Judge

3